IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACY D. DENNIS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO.  C-12-186 |
| | § | |
| RICK THALER, | § | |
| Director, TDCJ-CID, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas.  On May 31, 2012 petitioner filed an application for habeas corpus relief, arguing that his due process rights were violated in a disciplinary hearing which resulted in the imposition of punishment (D.E. 1).  A Memorandum and Recommendation ("M&R"), and a Supplemental M&R were filed wherein it was recommended that Petitioner's cause of action be dismissed as time-barred and, in the alternative, on the merits (D.E. 15, 17).  The district court adopted the findings and recommendations in the M&R's and entered judgment for Respondent on November 28, 2012 (D.E. 19, 20).

Pending now is Petitioner's motion in which he asks the court to vacate the judgment for Respondent and reinstate his case (D.E. 22).  The motion is construed as a motion for relief from judgment brought under Fed. R. Civ. P. 60(b).  As discussed more fully below, it is recommended that Petitioner's motion be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner is incarcerated in Bee County, Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was charged in a disciplinary case with having in his possession contraband intended to help him escape from custody.  He was found guilty and punished with the loss of recreation and commissary privileges, a reduction in Line Class and the loss of 365 days of good time.  After exhausting his administrative remedies, Petitioner filed a habeas action in this court.  In addition to arguing about the merits of his case, Petitioner contended that he filed his habeas application a few days late because prison officials delayed in giving him the habeas corpus forms when he first asked for them and also because the mail room staff did not timely process his request to withdraw money from his account.  Petitioner sought equitable tolling of the statute of limitations based on these grounds (D.E. 16).

Petitioner's case was dismissed because it was time-barred and also on the merits. In the pending motion, he asserts that he just became aware of a case, *Medley v. Thaler*, 660 F.3d 833 (5th Cir. 2011), that he believes would change the outcome of his case.  He asks the court to vacate its order of dismissal and reinstate his case based on the holding in *Medley*.

2

## DISCUSSION

**A.  Rule 60(b) Motion**

Federal Rule of Civil Procedure 60(b) provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The United States Supreme Court discussed the relationship between Rule 60(b) and 28 U.S.C. §§ 2254 and 2241 in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  The Rules of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent with applicable federal statutory provisions and rules.  *Id.*, 545 U.S. at 529, 125 S.Ct. at 2646 (citing 28 U.S.C. § 2254, Rule 11 and Fed. R. Civ. P. 81(a)(2)).  When a petitioner has filed a previous federal habeas claim, 28 U.S.C. § 2244(b)(1)-(3) imposes three requirements on second or successive habeas petitions: (1) any claim adjudicated in a previous petition must be dismissed; (2) any claim not already adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence and (3) before the district court may accept a successive

3

petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions.  If a petitioner is asserting a claim that either on its face is a habeas claim, or is similar enough to a habeas claim that failing to subject it to the same requirements would be inconsistent with the statute, he cannot circumvent the "second or successive" requirement that the claim be pre-certified by the court of appeals as falling within an exception to the successive-petition bar.  *Gonzalez*, 545 U.S. at 531-532, 125 S.Ct. at 2647-2648.

The Court explained that determining whether a Rule 60(b) motion advances one or more claims subject to the second or successive certification requirement generally will be simple.  A motion that seeks to add a new ground for relief, or attacks a previous court's resolution of a claim on the merits, would be subject to the bar.  *Id*., 545 U.S. at 532, 125 S.Ct. at 2648.  But if a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, it would not be subject to the bar.  *Id.*

Petitioner contends that the holding in *Medley* could change the outcome of his original habeas case.  However, *Medley* was decided in October 2011, almost eight months before Petitioner filed his habeas action and he could have cited it in his original complaint.  His attempt to have the court consider *Medley* now is a challenge to the Court's resolution of his habeas claim.  Therefore, his motion is construed as a habeas action and is second or successive.

4

Moreover, *Medley* would not offer Petitioner the relief he seeks.  The court in *Medley* determined that the prisoner was entitled to the benefit of the mailbox rule set out in *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) and *Houston v. Lack*, 487 U.S. 266, 208 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  The petitioner had submitted his documents for mailing to the prison mail room in a timely manner, but they were rejected because he purportedly violated a prison mail regulation.  *Medley*, 660 F.3d at 836-838. The court determined that the mail regulation did not actually exist and held that the petitioner was entitled to the protection of the mailbox rule because he had submitted his pleadings to the prison mail room within the limitations period.  *Id.* at 838-839.  In the instant case, Petitioner's complaint was dismissed for failure to state a claim in addition to being dismissed as time-barred.  Therefore, even if Petitioner's complaint were timely filed under the mailbox rule, his habeas action still would have been dismissed on the merits.

This court lacks jurisdiction over a habeas action that is "second or successive." *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).  This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court.  See 28 U.S.C. §2244 (b)(3)(A).  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring

5

successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[1] dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.  Accordingly, it is recommended that Petitioner's claims arising out of the original state court proceedings be dismissed without prejudice to refiling if proper authorization from the Fifth Circuit is obtained.

## B.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Movants challenging their state court convictions by way of a Rule 60(b) motion are subject to the COA requirement.  *Ochoa Canales v. Quaterman*, 507 F.3d at 884, 888 (5th Cir. 2007).

Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th

---

[1]Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was

7

correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  If the district court orders that Petitioner's cause of action be dismissed, and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not disagree that Petitioner's claims are successive and require authorization from the Fifth Circuit Court of Appeals prior to filing.

## RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Petitioner's motion for reconsideration, construed as a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b) (D.E. 22), be denied without prejudice because the claim is second or successive.  In addition, it is recommended that any request for a COA be denied.

Respectfully submitted this 10th day of May, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

8

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).

9